UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD J. MALLOY,               :
                                :
        Petitioner,             :
                                :
    v.                          :    CIVIL NO. 3:CV-16-0418
                                :
U.S. DEPARTMENT OF JUSTICE,     :    (Judge Kosik)
et al.,[1]                      :
                                :
        Respondents.            :

**MEMORANDUM**

Gerald J. Malloy ("Petitioner"), at the time, an inmate confined at the United States Penitentiary at Allenwood (USP-Allenwood), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. It was thereafter transferred to this court where venue was proper. In the petition, Malloy seeks custody credit arguing that 28 C.F.R. § 2.213 requires that the time he spent in custody for a prior sentence be credited also

---

[1] Respondent correctly points out that the only proper respondent in the instant habeas petition is the custodian of Petitioner. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998). When Petitioner filed the instant petition, he was confined at the United States Penitentiary at Allenwood, Pennsylvania, and therefore wanted to substitute its warden as the proper respondent in this action. However, in checking the Inmate Locator on the Bureau of Prisons website, see www.bop.gov , it appears that Petitioner has since been transferred to the Washingon, DC RRM. As such, the warden or superintendent at Washington, DC RRM is the proper respondent in this case as this individual is Petitioner's current custodian.

for the sentence ordered by the United States Parole Commission ("Commission") for violating supervised release. He seeks not only custody credit, but also to be released from custody and monetary damages. For the reasons that follow, the petition will be denied.

**I.     Background**

Petitioner was sentenced in the District of Columbia Superior Court to 12 months imprisonment for Possession with Intent to Distribute a Controlled Substance (Cocaine) on June 29, 2007. (Doc. 11, Ex. A, Johnson Decl. ¶ 1; Att. 1, Criminal Judgment.) He was also sentenced on this same date in another criminal case in the same court to 24 months imprisonment for Distribution of a Controlled Substance (Cocaine), and Possession with Intent to Distribute a Controlled Substance (Cocaine). (Id. at ¶ 1; Atts. 2, 3.) On the actual satisfaction date of October 9, 2009, Petitioner was released from his sentence and began serving a term of supervised release. (Id. at ¶ 2; Att. 3 at 1, 4.)

On July 2, 2010, the Commission issued a Warrant charging Petitioner with Failure to Report for Supervision and Failure to Report a Change in Residence. (Id. at ¶ 3; Att. 4, Warrant Application.) The Commission issued a Notice of Action on October 22, 2010, ordering Petitioner's supervision to be revoked and that he serve a new 12 month term of incarceration with a 24 month supervision period. (Doc. 11, Att. 5, Notice of Action; Att. 6 at 2, BOP SENTRY Report, Sentencing Monitoring

2

Computation Data.)  Petitioner was released to the 24 month supervised release term on August 2, 2011.  (Doc. 11, Ex. A, ¶ 4; Att. 6 at 1; Ex. C, Certificate of Supervised Release.)

While on supervised release, Petitioner was arrested by the District of Columbia Police on December 3, 2011, for Assault with a Deadly Weapon.  (Ex. A, ¶ 5; Ex. D at 2, Warrant Application and Warrant.)  The Commission issued a warrant on January 11, 2012, charging Petitioner with violating the conditions of supervision by failing to report to his supervising officer as directed, and by committing the new violations of assault with a deadly weapon and assault on a police officer. (Ex. A, ¶¶ 5,6; Ex. D, Warrant.) The Marshal Service was instructed by the Commission to place the Warrant as a detainer if Petitioner was already in the custody of other authorities. (Ex. A at ¶ 6; Att. 8, Memo to U.S. Marshal.)

Petitioner was sentenced on the assault with a deadly weapon charge on June 25, 2012, in the District of Columbia Superior Court.  He received 44 months imprisonment to be followed by a 36 month supervised release term.  (Ex. A, ¶ 7; Att. 9, Judgment; Att. 10 at 2-3, Sentence Monitoring Computation Data.)  The warrant was lodged as a detainer while Petitioner served his new sentence.  (Ex A, ¶ 9; Att. 10 at 1, Report.)  The warrant was supplemented with the information about the new conviction by the Commission.  (Ex. E, Supplement.)  On December 24, 2014, after reviewing the detainer, the Commission ordered that the detainer stand.  (Ex. F,

3

Notice of Action.)

The Bureau of Prisons completed a sentence computation for Petitioner and began with his 44 month sentence for Assault with a Deadly Weapon imposed on June 25, 2012.  (Ex A, ¶ 8; Att. 10 at 3, Report.)  Petitioner received prior custody credit from the date of his arrest on December 3, 2011, until June 24, 2012, which was the day before the sentence commenced.  (Id.)  His projected satisfaction date was determined to be February 12, 2015.  (Id.)

On February 12, 2015, Petitioner completed service of the above sentence and was released into the custody of the Commission's warrant.  (Ex. A, ¶ 9; Att. 11, Warrant Return.)  A parole revocation hearing was conducted on May 5, 2015.  (Ex. G, Revocation Hearing Summary.)  Petitioner's term of supervised released was revoked and the Commission ordered that he serve a new term of 24 months imprisonment from the date the warrant was executed.  (Ex. A, ¶ 10, Att. 12, Notice of Action.)  No further period of supervised release was imposed to follow on the original sentence, but the Commission did note that Petitioner's new sentence did impose a 36 month supervised release term that he would be required to serve.  (Att. 12 at 1.)

The Commission had calculated Petitioner's guideline range for the violation behavior as 60-72 months and noted that he would receive credit towards satisfaction of his guideline range for the 39 months spent in custody on the new sentence.  (Id.)

4

As such, Petitioner would serve a total of 63 months in custody (39 on the new sentence plus the 24 months ordered by the Commission). This decision was within the guideline range. Although Petitioner could have filed an administrative appeal from the Commission's decision, he failed to file a timely appeal. (Att. 12 at 2.)

A sentence computation was completed by the BOP. The BOP commenced Petitioner's 24 month sentence on February 12, 2015. This was the date that the warrant was executed. (Ex. A at ¶ 11, Att. 13.) Petitioner did not receive any prior custody credit. All of the time Petitioner had previously spent in custody had already been applied to his 44 month sentence for assault. (Ex. A, Att. 13) Based on the foregoing, Petitioner's current projected satisfaction date as calculated by the BOP is November 9, 2016. (Id.)

Pursuant to BOP Program Statement 5880.33, the Commission has authority over D.C. Code offenders which includes the sole authority to ". . . grant parole, to establish the conditions of prisoners who are serving sentences for felony offenses, and who are not otherwise ineligible for parole by statute, including offenders who have been returned to prison upon the revocation of parole or mandatory release, wherever confined." (Ex. A, Att. 14, District of Columbia Sentence Computation Manual.)

**II.    Discussion**

Petitioner basically appears to take issue with two matters - the way in which the Parole Commission computed his revocation sentence and the way in which the BOP computed the federal sentence he is currently serving.   Petitioner mainly seeks credit for the time spent in custody for his prior sentence - - credit he also seeks applied to the sentence ordered by the Parole Commission for violating the supervised release.   The court will address each issue separately.

**A.     Revocation**

The credit Petitioner seeks to apply to the sentence ordered by the Parole Commission for violating supervised release, is pursuant to 28 C.F.R. 2.213.  This regulation provides, in pertinent part, as follows:

> [t]he date the violation term commences is the date the Commission's warrant is executed.  A releasee's violation term (i.e., the term of imprisonment and/or further term of supervised release that the Commission may require the releasee to serve after revocation) <u>shall start to run only upon the offender's release from the confinement portion of the intervening sentence</u>.

28 C.F.R. § 2.213(d)(emphasis added.)  Based on the foregoing, Petitioner's sentence for violating the supervised release cannot start any earlier than when the warrant was executed, on February 12, 2015.  This is clearly set forth above, and any argument by Petitioner to the contrary is without merit.

It is also well-established that a supervised releasee who receives a new sentence while under supervision, and against whom a detainer warrant is lodged,

6

does not receive credit to his sentence for any of the time spent under supervision, including the time spent in custody on the new sentence.  A releasee whose term of supervised release is revoked by the Parole Commission receives no credit for the time spent on supervised release, and this includes any time spent in confinement on other sentences (including halfway houses) prior to the execution of the Parole Commission's warrant.  See 28 C.F.R. § 2.218(c).  Based on the foregoing, any argument by Petitioner that he is somehow entitled to credit to his sentence for the time spent in custody on his new sentence, is also without merit.

28 C.F.R. § 2.21 addresses the matter of reparole consideration guidelines.  The Commission refers to these guidelines to determine an appropriate length of a prison term following revocation.  It applies to the reparole of parole violators following revocation.  It provides that the "[t]ime served on a new state or federal sentence while on parole shall be counted as time in custody for reparole guideline purposes. This does not affect the computation of the expiration date of the violator term as provided by §§ 2.47(e) and 2.52(c) and (d)."  See 28 C.F.R. 2.21(c).  Thus, it is clear in reviewing the regulations that a violator does not receive credit towards satisfaction of his original sentence for the time he spent in custody on any new sentence.  Rather, the time is applied only to his guideline range.

In applying the foregoing to the instant case, the Parole Commission awarded Petitioner a credit of 39 months toward his guidelines, for the time he served before

7

the warrant was executed.  With his new sentence of 24 months, he was ordered to serve 63 months toward his guidelines of 60-72 months.  (See Att. 12 at 1.)

### B.     BOP federal sentence calculation

For the reasons that follow, any challenge by Petitioner to the way in which the BOP calculated Petitioner's sentence is without merit.  The BOP's calculation is correct, and Petitioner is not entitled to prior custody credit for the time he spent in the custody of his 44 month sentence on the assault charge.

While Petitioner references the Parole Commission's Notice of Action dated May 14, 2015, wherein it states that he had a credit of 39 months toward his guidelines for the time served before the warrant was executed, this does not mean that Petitioner was entitled to credit against his new sentence.  Rather, it was time spent in service of another sentence and therefore cannot be credited.  The Parole Commission establishes guidelines by which they determine an appropriate term for those who violate supervision.  There is no question that Petitioner violated the terms of his supervised release in the instant case.  The Parole Commission determined that Petitioner's guidelines were 60-72 months.  (See Doc. 11-1 at 42, Att. 12 at 2.)  This guideline range is clearly supported in the Notice of Action.  (Id.)  Based upon the 39 months Petitioner had already served in custody prior to the execution of the violator warrant, his guideline sentence was 24 months.  (Id.)  This is not credit to be applied by the BOP because it was already counted as time spent in service of another

sentence. Thus, any claim by Petitioner that the BOP has improperly calculated his sentence because he was not given credit for time served in custody for his assault term is without merit. As such, the pending petition for writ of habeas corpus will be denied. An appropriate order follows.